**Joey BONNER, Petitioner–Appellee,**

**v.**

**Steven J. CAMBRA, Jr., Warden, Director of the California Department of Corrections; et al., Respondents–Appellants.**

No. 02–57066.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

148

Joey Bonner, Lancaster, CA, Petitioner–Appellee Pro Se.

Lilia E. Garcia, AGCA–Office of the California Attorney General, San Diego, CA, for Respondents–Appellants.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Wardens Steven J. Cambra and Thomas L. Carey appeal from the district court's order granting California state prisoner Joey Bonner's 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse and remand.

Appellants contend that the district court improperly determined that Bonner's 25–years–to–life sentence for a third-strike petty theft conviction was cruel and unusual punishment in violation of the Eighth Amendment.

In granting the writ in Bonner's favor, the district court relied on this court's decision in *Andrade v. Att'y Gen. of California,* 270 F.3d 743 (9th Cir.2001). However, the Supreme Court subsequently reversed *Andrade* and held that Andrade's two 25–years–to–life sentences for a third-strike conviction for petty theft was not cruel and unusual punishment. *Lockyer v. Andrade,* 538 U.S. 63, 73–74, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). In light of the Supreme Court's decision in *Andrade,* we conclude that Bonner's sentence is not contrary to clearly established federal law. *See id; see also Ramirez v. Castro,* 365 F.3d 755, 773–74 (9th Cir.2004).

Accordingly, we reverse the district court's judgment and remand this case to the district court for further proceedings consistent with this order.

**REVERSED AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.